UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NINA M. HARDY,

           Plaintiff,

v.                   **DECISION AND ORDER**
                     10-CV-1011S

ERIE COUNTY SHERIFF'S DEPARTMENT,

           Defendant.


## I. INTRODUCTION

Presently before this Court is Defendant's Motion to Set Aside Default.[1] (Docket No. 5.) For the reasons discussed below, Defendant's Motion is granted.


## II. BACKGROUND

Plaintiff Nina M. Hardy commenced this action by filing a Complaint in the United States District Court for the Western District of New York on December 16, 2010. (Docket No. 1.) Plaintiff alleges that police officers employed by Defendant Erie County Sheriff's Department unlawfully detained and interrogated her in violation of her Fourth, Fifth, and Fourteenth Amendment rights. (Id. at ¶¶ 1, 2, 28.)

On January 26, 2011, Plaintiff filed a Request for Entry of Default (Docket No. 3), and on February 1, 2011, default was entered against Defendant for failure to appear or otherwise defend in accordance with Federal Rule of Civil Procedure 55. (Docket No. 6.)

---

[1] In support of its motion, Defendant filed a Notice of Motion, the Declaration of David J. Sleight, and the Reply Affirmation of David J. Sleight. (Docket Nos. 5, 9.) In opposition, Plaintiff filed a Memorandum of Law. (Docket No. 8.)

On January 28, 2011, David J. Sleight, Assistant County Attorney and Acting Erie County Attorney, filed a Motion to Set Aside Default. (Docket No. 5.)

### III.  DISCUSSION

**A.  Setting Aside Default**

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause[.]"  Fed.R.Civ.P.55(c).  The criteria for evaluating whether there is "good cause" are identical to those used to evaluate a Rule 60(b) motion to set aside default judgment, though the standard is less rigorous in the context of default. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  In evaluating a motion to set aside an entry of default under Rule 55(c), the court should consider the willfulness of default, whether defendant has a meritorious defense, and any prejudice that may occur to the non-defaulting party if relief is granted.  See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001);  Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983).  This analysis is left to the discretion of the Court, with a preference for adjudication on the merits where there is any doubt.  See Enron Oil Corp., 10 F.3d at 95–96; Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983).

**1.  Willfulness**

In this case, Defendant concedes that its carelessness or, at most, its negligence is the cause of its failure to timely file an Answer or otherwise respond to Plaintiff's Complaint, and Plaintiff does not offer any evidence suggesting otherwise.  (Sleight Declaration, Docket No. 5, ¶ 13.)  Mere neglect, however, does not rise to the level of

willfulness in the context of a Rule 60(b) motion, and thus is not willfulness for the purposes of the less rigorous Rule 55(c) standard.  See Tesillo v. Emergency Physician Assoc., Inc., 230 F.R.D. 287, 289 (W.D.N.Y. 2005) (citing Am. Alliance Ins. Co., 92 F.3d at 61).  Willfulness involves bad faith, deliberateness, or "at least something more than mere negligence" or carelessness.  Am. Alliance Ins. Co., 92 F.3d at 60–61.

Here, Sleight acknowledges that the Erie County Department of Law received Plaintiff's Summons and Complaint on or about December 23, 2010, but asserts that he was not assigned this case until January 21, 2011, due to a contemporaneous change in the process of assigning new matters for handling.  (Sleight Declaration, ¶¶ 5, 6.)  As a result, Sleight was unaware that the answering time for Defendant had begun to toll, and consequently, Defendant failed to timely file its Answer or otherwise respond.  (Sleight Declaration, ¶ 6.)  Sleight avers that he left a telephone message for Plaintiff's counsel on January 25, 2011, explaining the circumstances and requesting an extension of time for Defendant to answer or otherwise move, however, Plaintiff filed her Request for Entry of Default the next day.  (Sleight Declaration, ¶¶ 7–9.)  Additionally, Plaintiff has not come forward with any evidence of bad faith or deliberateness by Defendant.  Thus, this Court finds that Defendant's failure to file an Answer was not willful.

        **2.**      **Meritorious Defense**

In response to Plaintiff's claim of unlawful detention, Defendant asserts the affirmative defense that the officers had probable cause to detain her.  (Sleight Affirmation, Docket No. 9, ¶ 8.)  The Second Circuit has held that the meritorious defense factor is "measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  Enron Oil

Corp., 10 F.3d at 98. While the defendant "must present some evidence beyond conclusory denials" in support of the defense theory, id., this prong requires only that the defendant meet a "low threshold," Holford USA Ltd, Inc. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981)).

Here, Sleight states in his affirmation that, based on the evidence from the facts put forth in the Complaint, the officers detained and questioned Plaintiff because someone had telephoned Defendant to report alleged misconduct by Plaintiff, and, further, because the officers had evidence that a person matching Plaintiff's description had been involved in criminal activity earlier that day. (Sleight's Declaration, ¶ 8.) Defendant argues that these factual assertions, if proven, would constitute probable cause for the officers to lawfully detain Plaintiff, supporting its affirmative defense theory. Although Defendant does not provide independent evidence to support these defenses, this Court finds that these factual assertions contain the requisite "hint of a suggestion," Moldwood Corp. V. Stutts, 410 F.2d 351, 352 (5th Cir. 1969), of a valid factual dispute that would "give the fact-finder a determination to make," Am. Alliance Ins. Co., 92 F.3d at 61. Noting that this factor should be construed generously, this Court finds that Defendant's allegations, although somewhat general, are adequate to meet the meritorious defense criterion for setting aside the default. United States v. Gallina, No. 97-CV-5532, 2007 WL 6180680, *6 (E.D.N.Y. Nov. 20, 2007) (citing State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 169 (2d Cir. 2004)). Therefore, this Court concludes – without passing on the merits – that Defendant has raised the possibility of a meritorious defense for purposes of setting aside default under Rule 55(c).

### 3.  Prejudice to Non-Defaulting Party

Finally, setting aside the entry of default will not prejudice Plaintiff, and Plaintiff concedes as much.  (Plaintiff's Response, Docket No. 8., p. 4.)  This factor therefore weighs in favor of setting aside default.

## IV.  CONCLUSION

Accordingly, in light of the strong preference for resolving disputes on the merits, and given this Court's findings that (1) Defendant's conduct was not willful, (2) Defendant raises a possible meritorious defense, and (3) Plaintiff is not prejudiced, this Court will grant Defendant's Motion to Set Aside Default pursuant to Rule 55(c).

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Set Aside Default (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to vacate the entry of default. (Docket No. 6).

FURTHER, that Defendant shall file an Answer or otherwise respond to the Complaint within 21 days of the filing date of this Decision and Order.

SO ORDERED.

Dated:  August 1, 2011
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court