UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NINA M. HARDY,

                    Plaintiff,

          v.                                                    **DECISION AND ORDER**
                                                                10-CV-1011S
ERIE COUNTY, NEW YORK; SHERIFF
TIMOTHY B. HOWARD; POLICE OFFICER
"JOHN DOE," INDIVIDUALLY,[1]

                    Defendants.

## I. INTRODUCTION

Plaintiff Nina M. Hardy brings this action pursuant to 42 U.S.C. § 1983, alleging

violations of the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff's claims arise out of

the alleged deprivation of her civil rights as a result of a one-hour detention by police

officers.  Presently before this Court is Defendants' Motion to Dismiss (Docket No. 16).  For

the following reasons, Defendants' motion is granted in part and denied in part.

## II. BACKGROUND

**A.      Facts**

For purposes of Defendants' Motion to Dismiss, this Court assumes the truth of the

following factual allegations.  See Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008);

Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

On May 7, 2010 Plaintiff, an African-American woman, while on a lunch break,

entered the Best Buy store located at 4401 Transit Road, Williamsville, New York 14221.

---

[1]The actual caption on Plaintiff's amended complaint reads: POLICE OFFICER "JONH DOE,
INDIVIDUALLY.  This typographical error is corrected in Plaintiff's later submission.

(Am. Comp. ¶¶ 6, 14, Docket No. 15.)  Plaintiff decided to purchase a camera and use a pair of coupons to lower its cost.  (Id. ¶¶ 15, 16.)  Unable to finish the transaction in time to return to her job, Plaintiff asked that the camera be held, along with the coupons, until 5:30 p.m., when she would return to complete the purchase.  (Id. ¶ 17.)

Plaintiff returned to the Best Buy store at approximately 5:35 p.m., and approached the register at which she had previously been assisted.  (Id. ¶ 18.)  Due to problems processing her coupons, the sales representative asked the store manager for assistance.  (Id.)  The manager did not immediately assist Plaintiff, but instead looked at her for a period of time, during which two Erie County Sheriff's deputies entered the store.  (Id.)  Plaintiff completed her purchase, but, while exiting the store, was stopped by the deputies who instructed her to accompany them.  (Id. ¶ 19.)  The deputies refused to answer Plaintiff's queries about what they wished to speak to her about.  (Id.)  Meanwhile, a crowd of onlookers gathered.  (Id. ¶ 20.)

The deputies then took Plaintiff into a side room inside the store.  (Id.)  There, she was questioned for approximately one hour.  (Id.)  It was over the course of this questioning that Plaintiff learned that there had been a theft in the shopping mall containing the Best Buy store by an individual described by the deputies as a "black girl with blonde hair."  (Id. ¶ 21.)  The deputies accused Plaintiff of being that individual.  (Id. ¶¶ 21, 22.)  At the time Plaintiff's hair was almost black.  (Id. ¶ 22.)

The deputies proceeded to search Plaintiff's person.  (Id. ¶ 24.)  Thereafter, she was released and informed that a detective would contact her later.  (Id. ¶ 26.)

## B.    Procedural History

Plaintiff commenced this action on December 16, 2010 by filing a complaint in the

United States District Court for the Western District of New York.  (Docket No. 1.)  When Defendants failed to respond, Plaintiff filed a request for entry of default.  (Docket No. 3.)  Defendants thereafter filed a notice of appearance, but an entry of default was nevertheless entered on February 1, 2011.  (Docket No. 6.)  This Court, on August 3, 2011, issued a Decision and Order granting Defendants' motion to set aside default and vacating the entry of default.  (Docket No. 10.)  Defendants filed their first Motion to Dismiss on August 24, 2011.  (Docket No. 11.)  Plaintiff responded by filing an amended complaint on September 12, 2011 (Docket No. 15), which this Court took to moot Defendants' motion (Docket No. 22.)  Defendants filed a second motion to dismiss on September 26, 2011.  (Docket No. 16.)  Briefing on Defendants' motion concluded on October 24, 2011, at which time this Court took Defendants' motion under advisement without oral argument.

### III. DISCUSSION

**A.    Motion to Dismiss Standard**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6).  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  Fed. R. Civ. P. 8 (a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  Legal conclusions, however, are not afforded the same presumption of truthfulness.  See

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)  ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S. Ct. at 1945 (quoting <u>Twombly</u>, 550 U.S. at 570).  Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  <u>Iqbal</u>, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  <u>Id.</u> at 1950; Fed. R. Civ. P. 8 (a)(2).  Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." <u>Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense.  <u>Iqbal</u>, 129 S. Ct. at 1950.  First, statements that are not entitled to the presumption of truth – such as conclusory allegations, labels, and legal conclusions – are identified and stripped away. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."  <u>Id.</u>

4

**B.      Defendants' Motion to Dismiss**

Plaintiff brings her claim pursuant to 42 U.S.C. § 1983.  Civil liability under § 1983 is imposed only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution.  See Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979)).   Plaintiff claims Defendants violated her Fourth Amendment right to be free from unlawful seizure, as well as her Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive use of force.

**1.      Erie County, New York**

A municipality cannot be held liable on a theory of *respondeat superior* or simply because it employs a tortfeasor.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  It may, however, be held liable for damages under § 1983 when execution of government policy or custom inflicts the injury in question.  Id.  The existence of such a municipal policy or custom may be demonstrated in a number of ways, including: (1) showing an officially promulgated and endorsed policy, Id. at 690; (2) showing that actions taken by officials with final policymaking authority caused a constitutional violation, Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); (3) showing that municipal decision-making evidences "deliberate indifference" to the rights of those with whom municipal employees come in contact,

including failure to remedy an otherwise constitutional policy so deficient that policymakers knew or should have known with a high degree of certainty that constitutional violations could result, City of Oklahoma City v. Tuttle, 471 U.S. 808, 819, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985), or failure to train employees when training is necessary to prevent the violation of federal rights, City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

Defendants argue that Plaintiff has failed to allege that a municipal policy was responsible for her injuries.  This Court agrees.

Plaintiff's complaint merely states that Sheriff Howard failed to "assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct" and against the County "as employer of the police personnel."  (Am. Comp. ¶ 2.)  Nothing further is alleged.  Plaintiff neither identifies the contours of the purported policy, nor identifies what types of conduct needed to be protected against, or how the policies were to protect against them.

Merely alleging that Defendants failed to institute adequate procedures is not enough to survive dismissal.  Such a failure must first rise to the level of deliberate indifference to be actionable.  See Mislin v. City of Tonawanda Sch. Dist., No. 02-CV-273S, 2007 WL 952048, at *17 (W.D.N.Y. Mar. 29, 2007) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).  Such deliberate indifference is present where a plaintiff shows "(1) that a policy maker knows to a moral certainty that her employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the . . . employee

will frequently cause the deprivation of a citizen's constitutional rights." <u>Okin v. Vill. of Cornwall-On-Hudson Police Dep't</u>, 577 F.3d 415, 440 (2d Cir. 2009) (quoting <u>Walker v. City of New York</u>, 974 F.2d 293, 297-98 (2d Cir. 1992)) (quotation marks omitted).

This Court has no problem concluding that Plaintiff's minimalist pleading fails to identify facts satisfying this standard. <u>See</u> <u>Fanelli v. Town of Harrison</u>, 46 F. Supp. 2d 254, 259 (S.D.N.Y. 1999) ("[B]oilerplate allegation that the [municipality] failed to train and supervise its police officers . . . is insufficient to sustain the action."). At best, Plaintiff has identified a single incident of misconduct. This also is not enough to sustain a claim of municipal liability. <u>See</u> <u>Dwares</u>, 985 F.2d at 100 ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.").

### 2.    Sheriff Timothy B. Howard

"A claim asserted against an individual in his official capacity . . . is in effect a claim against the governmental entity itself, rather than a suit against the individual personally, for 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 164 (2d Cir. 2012) (quoting <u>Monell</u>, 436 U.S. at 691 n. 55). Thus, to the extent Plaintiff asserts a claim against Sheriff Howard in his official capacity, that claim will be dismissed. <u>See</u> <u>Odom v. Matteo</u>, 772 F. Supp. 2d 377, 392 (D. Conn. 2011) ("Because an official capacity claim against an official is tantamount to a claim against a governmental entity . . . [where] a 42 U.S.C. § 1983 claim [is brought] against both a municipal entity and a municipal official in his official capacity, the official capacity claim should be dismissed as duplicative or redundant.").

Plaintiff argues, however, that, in addition to having established that the Sheriff's actions constituted part of a municipal policy or custom, an argument this Court has already rejected, Sheriff Howard was also personally liable.

A supervisor may be held personally liable where he (1) "directly participated in the infraction," (2) "after learning of the violation through a report or appeal . . . failed to remedy the wrong," (3) "created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue," or (4) "was grossly negligent in managing subordinates who caused the unlawful condition or event." Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); see also Atkinson v. N.Y. State Olympic Reg'l Dev. Auth., 822 F. Supp. 2d 182 (N.D.N.Y. 2011).

Here, there is no indication that Sheriff Howard was personally involved in the incident in question. See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Further, no facts are pled that Sheriff Howard was made aware of the incident and failed to take remedial steps. This Court has already observed that Plaintiff's amended complaint fails to identify a custom or practice. Finally, none of the alleged facts create an inference that Sheriff Howard was grossly negligent in managing the two deputies involved in this action.

### 3.     Police Officer John Does[2]

Defendants, in their Motion to Dismiss, do not, at this stage, dispute that Plaintiff

---

[2]Although the caption only identifies a single police officer, the factual allegations make clear that Plaintiff's claim is really against the two deputies who questioned her for approximately one hour.

may, at least, have a § 1983 claim against the two deputies who were personally involved in the underlying incident.  Defendants argue, instead, that Plaintiff's claim for punitive damages must be dismissed.  Plaintiff does not dispute that punitive damages would not be available against any of the defendants in their official capacities, but reaffirms that she is also bringing suit against them in their individual capacities.

"Punitive damages are available in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  Wilson v. Aquino, 233 F. App'x 73, 77 (2d Cir. 2007) (summary order) (quoting Lee v. Edwards, 101 F.3d 805, 808 (2d Cir. 1996)).  Municipalities, however, are immune from punitive damages awards under § 1983. Ace Partners, LLC v. Town of East Hartford, No. 3:09-CV-1282 (RNC), 2011 WL 4572109, at *7 (D. Conn. Sept, 30, 2011) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)).  As already discussed, claims against the Defendants in their official capacities are really brought against the municipality, and thus Plaintiff is precluded from seeking punitive damages on such a claim.  See Kentucky v. Graham, 473 U.S. 159, 167 n. 13, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[P]unitive damages are not available under § 1983 from a municipality, but are available in a suit against an official personally.").

Defendants having only argued for dismissal of Plaintiff's punitive damages claims against them in their official capacities, this Court will not consider whether Plaintiff's punitive damages claims against Defendants in their personal capacities might also face dismissal at this stage.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted to the extent it seeks dismissal of claims against Erie County and Sheriff Howard, as well as Plaintiff's punitive damages claim against any of the defendants in their official capacities. Defendants' motion is denied as to Plaintiff's claims against the two John Doe police officers, as well as to Plaintiff's punitive damages claim against the two deputies in their personal capacities.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 16) is GRANTED in part and DENIED in part.

SO ORDERED.


Dated:        May 17, 2012
              Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court